FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 13 2021

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ESTELLA L. MORRIS                                                             PLAINTIFF

v.                                         CASE NO: 4:21-cv-406-JM

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS,
DEPARTMENT OF VERTANS AFFAIRS                                          DEFENDANT

This case assigned to District Judge Moody
and to Magistrate Judge Ray

## COMPLAINT
## AND DEMAND FOR JURY TRIAL ON ALL ISSUES

Comes now the Plaintiff Estella Morris by and through her Attorney, Ben Honaker, and for her Complaint states:

1. Plaintiff Dr. Estella Morris is a resident of Pulaski County, Arkansas.

2. Defendant is a resident of Pulaski County, Arkansas.

3. This case concerns Plaintiff's employment by Defendant which occurred in Pulaski County, Arkansas.

4. This court has jurisdiction pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

5. This court has personal jurisdiction over the defendant corporation because the defendant organization is resident of Pulaski County Arkansas.

6. Jurisdiction is proper in this matter as Plaintiff has exhausted all administrative remedies through the U.S. Equal Employment Opportunity Commission, Memphis District Office and been released to pursue a judicial remedy.

1

7.     Venue is proper pursuant to 28 U.S.C. 1391(b) because the Plaintiff's employment by defendant which is the subject of this complaint occurred in this district.

## FACTUAL BACKGROUND

8.     Plaintiff Dr. Estella Morris is and was at all relevant times the Program Manager for the VA Homeless Wellness Center at Central Arkansas Veterans Healthcare System.

9.     Plaintiff Dr. Estella Morris is a veteran of the Army National Guard and Navy Reserves.

10.    Plaintiff Dr. Estella Morris is a disabled veteran.

11.    Michael Ballard, Associate Chief of Staff for Mental health, and Dr. Catina McClain Chief of Staff for Central Arkansas Veterans Healthcare System are the next two individuals in Dr. Morris's direct chain of command.

12.    In late 2012 Lisa Martone was placed into Dr. Morris program by Catina McClain to oversee Dr. Morris's supervisory actions. Dr. Morris made inquiries into the reasoning for this placement which were repeatedly obfuscated and ultimately answered with a vague indication that there was concern Dr. Morris was going to mistreat or harm her staff.

13.    There was at no time any incident in which Dr. Morris mistreated her staff or abused her authority and the appointment of Lisa Martone as a supervisor over Dr. Morris due to these unfounded concerns over her use of authority directly damaged Dr. Morris's professional reputation and ability to effectively run her department.

14.    In 2016 Dr. Morris applied for the GS-14 position of Chief of Social Work Service within the VA.

15.     The position of Chief of Social Work Service was advertised to all United States Citizens, and, pursuant to Title 5 as it existed in 2016, a passover form was required in the event of the non-selection of a qualified veteran.

16.     Dr. Morris as a disabled veteran was entitled to 10 veteran preference points and submitted her letter of preference at the time of her application.

17.     Dr. Morris did not receive the position of Chief of Social Work Service and an outside candidate was hired.

18.     At no point was the passover form required by Title 5, explaining the reasons for Dr. Morris's non-selection, ever created or filed by the VA.

19.     Pursuant 5 U.S.C.A. section 3318, as a preference eligible Dr. Morris was entitled to view reasons submitted by the appointing authority in support of her passover and the findings of the office which she was denied due to the VA's failure to follow appropriate passover procedure in violation of the law.

20.     Dr. Morris received the following amounts for her salary at the VA for the relevant years as a step 10 GS-13: in 2016 she was paid $109,781, in 2017 she was paid $111,560, in 2018 she was paid $113,428, in 2019 she was paid $115,313, in 2020 she paid $118,603, in 2021 she is due to receive $119,787.

21.     In 2016 Dr. Morris was a step 10 GS-13 being paid $109,781 and had she received the GS-14 and transferred to the GS-14 pay scale she would have begun the position as a step 5 GS-14 being paid $113,091 annually.

22.     As a GS-14 Dr. Morris would increase one step on the GS pay scale per year in the position.

23. The expected step increases and corresponding pay rises for Dr. Morris in the GS-14 position for the relevant years are as follows: Step 5 in 2016 making $113,091, a step 6 in 2017 making $118,312, a step 7 in 2018 making $123,727, a step 8 in 2019 making $129,282, a step 9 in 2020 making $136,553, and a step 10 in 2021 making $141,548.

## **FAILURE-TO PROMOTE**

24. The Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

25. To Establish a prima facie case of race or sex discrimination for a failure-to promote claim, under Title VII, a plaintiff must show that: (1) she is a member of a protected group, (2) she was qualified and applied for a promotion to an available position, (3) she was rejected, and (4) similarly situated employees, not part of the protected group, were promoted instead. *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081 (8th Cir. 2011).

26. Plaintiff is a member of a protected group as an African American woman.

27. Plaintiff was qualified for and applied for the available position of Chief of Social Work Service.

28. Plaintiff was rejected for the position

29. The individual hired for the position was an outside hire, and not a veteran. Under VA protocol and Title 5, a pass over form was required to be filed to approve the hire. No such pass over form was ever filed. The individual hired was not a member of Plaintiff's protected group.

## **RACIAL DISCRIMINATION**

30. The Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

31. The Plaintiff suffered an adverse employment action when she was appointed a supervisor who had no role other to ensure Dr. Morris did not abuse her staff, a concern which was entirely unfounded.

32. The appointment of Lisa Martone as Dr. Morris's supervisor directly undermined Dr. Morris's authority within her department and indicated that those in her chain of command felt that an African American woman could only be trusted to do her job under the close supervision of a Caucasian.

33. The false and baseless implication that Dr. Morris would abuse her staff was embarrassing and diminished her otherwise spotless professional reputation.

34. The adverse employment action suffered by Dr. Morris was because of her race

## HOSTILE WORK ENVIORNMENT

35. The Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

36. Dr. Morris was subjected to a hostile work environment by the Department of Veteran's Affairs.

37. Dr. Morris is a member of a protected group as an African American woman.

38. Dr. Morris was subject to unwelcome harassment in the form of the appointment of a supervisor in her department and unfounded allegations that she abused her staff.

39. Other program managers who were not African American did not suffer similar oversight and investigation.

40. The appointment of this supervisor and false allegations of improper conduct by Dr. Morris impeded her work, undermined her authority, and served as a professional embarrassment.

41. This harassment was perpetrated, rather than prevented, by those in Dr. Morris's chain of command.

## PROCEDURAL REQUIREMENT

42. The Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

43. On March 4, 2021, the Defendant issued its Final Order, advising that the Plaintiff has 90 days to file a civil action in federal court. See the Final order attached as Exhibit "1".

44. This lawsuit is being filed within 90 days of the Plaintiff receiving the Final Order.

## DAMAGES

45. The Plaintiff hereby incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

46. As a direct and proximate result of the discriminatory treatment the Plaintiff has been subjected to, and the Defendant's failure to follow the law in passing over the Plaintiff for hire, she has sustained injuries and damages, which injuries and damages consist of, but are not limited to, the following:

   a. Past loss of income which should be awarded as back pay in the amount of $60,402.16.

   b. Emotional harm suffered, including mental anguish, inconvenience, loss of enjoyment of life, humiliation, and other psychological damages, with physical manifestations, in an amount to be proven at trial.

c. Compensatory, general, special, incidental, and consequential damages caused by the Defendants' conduct.

d. Punitive damages in an amount necessary and sufficient to deter the Defendant, as well as others similarly situate, and to punish Defendants for their willful, wanton, reckless, and/or egregious conduct.

e. Future value of any lost earnings, lost wages, or working time lost.

f. The Plaintiff's costs.

g. A reasonable attorney's fee as allowed by law.

h. Other damages as may be more particularly described during the course of the litigation.

i. Any and all other just and proper relief to which the Plaintiff may be entitled.

## JURY DEMAND

47. The Plaintiff respectfully demands a trial by Jury on all issues triable of right to a jury.

48. The Plaintiff reserves the right to plead further in this matter.

## REQUEST FOR RELIEF

WHEREFORE, for the unlawful employment practices described above, the Plaintiff respectfully prays for judgment to be entered against the Defendant in an amount necessary to compensate the Plaintiff for all of the damages alleged herein, that she be granted her costs and attorney's fees as allowed by law, and that she be granted any and all other equitable and legal relief that is just and proper under the law.

Respectfully Submitted,

Dr. Estella Morris

Prepared By: /s/ Ben Honaker
Ben Honaker
Attorney at Law
Arkansas Bar No. 2017108
124 W Capitol, Suite 1900
Little Rock, AR 72201
Telephone: 501.247.6975
Email: ben@benhonakerlaw.com

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

| | |
|---|---|
| **Estella Morris,** | )<br>) |
| *Complainant*, | )<br>) |
| v. | ) VA Case No. 2003-0598-2017100590<br>) |
| **Secretary,** | ) EEOC Case No. 490-2017-00191X |
| **Department of Veterans Affairs,** | )<br>) |
| *Agency,* | ) |

## FINAL ORDER

It is the final action of this Department in the above-referenced matter to accept and fully implement the attached decision of the EEOC administrative judge.

If dissatisfied with this final action, the Complainant may appeal or file a civil action as set forth below.

## RIGHT OF APPEAL

The Complainant may appeal this final action within 30 days of receipt to the following: **Equal Employment Opportunity Commission, Office of Federal Operations (OFO),** P.O. Box 77960, Washington, DC 20013. If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached. **Due to COVID-19 related restrictions, OFO currently does not have access to mail. If desired, the Complainant should file an electronic appeal at https://publicportal.eeoc.gov/Portal/Login.aspx.**

A copy of the appeal to the EEOC **must** also be sent to the VA Office of General Counsel at the following address: **Department of Veterans Affairs, Office of General Counsel (024), 810 Vermont Avenue, NW, Washington, DC 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement," must also be sent to the VA's Office of General Counsel at the above address.


EXHIBIT 1

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If the Complainant files an appeal with the Commission beyond the above-noted time limit, the Complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the Complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

The Complainant also has the right to file a civil action in an appropriate United States District Court. The Complainant may file a civil action:

>within 90 days of receipt of this final action <u>if no appeal to EEOC has been filed</u>; or

>within 90 days after receipt of the EEOC's final decision on appeal; or

>after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The Complainant must name the official head of the Department of Veterans Affairs, **Denis McDonough**, as the defendant. The Complainant may not name just the Department. The Complainant must also state the official title of the Department head, which is the **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case. **Please consult your District Court's website for procedures to file a civil action and any COVID-19 related changes in procedures.**

If the Complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the Complainant does not have or cannot afford the services of an attorney, the Complainant may request that the Court appoint an attorney to represent the Complainant and that the Court permit the Complainant to file the action without payment of fees, costs, or other security.

2

**The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS</u> of the date that Complainant receives the final action from the Department or the Commission.

Maxanne R Witkin 130554  Digitally signed by Maxanne R Witkin 130554
Date: 2021.03.04 09:50:00 -05'00'

_____   _____
MAXANNE R. WITKIN                                             Date
Director, Office of
Employment Discrimination
Complaint Adjudication

Attachment:  EEOC Form 573

3

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

**CERTIFICATION OF SERVICE**

Complainant's Name:   Estella Morris
Agency Case No.:      2003-0598-2017100590
EEOC Case No.:        490-2017-00191X

I certify that on this date, the foregoing Final Order was sent via electronic mail to the individuals and parties shown below. For timeliness purposes, it shall be presumed that the parties received the foregoing Final Order within five (5) calendar days after the date it was sent via electronic mail.

### Complainant:

Estella Morris

estella.morris@va.gov

### Complainant's Representatives:

Pamela Abrams

pabrams12@gmail.com

Ben Honaker

ben@benhonakerlaw.com

### EEO Manager:

Deidra Henry

deidra.henry@va.gov

Case 4:21-cv-00406-JM   Document 1   Filed 05/13/21   Page 13 of 14

**ORMDI Field Office:**

Office of Resolution Management, Diversity, and Inclusion (08N)

ORMContinentalDistrictFrontOffice@va.gov

**VA Regional Counsel's Office:**

Alyssa Silberman

alyssa.silberman@va.gov

Marcella E Callender 942514    Digitally signed by Marcella E Callender 942514
Date: 2021.03.04 09:19:11 -05'00'

_____                            _____
*(Signature of Dispatcher)*                                          *(Date of Dispatch)*

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

**TRANSMITTAL OF FINAL ORDER**

**TO:** The Parties
Representatives of the Parties
ORMDI Field Office

**SUBJ:** Final Order

    Complainant's Name: Estella Morris
    Agency Case No.: 2003-0598-2017100590
    EEOC Case No.: 490-2017-00191X

Enclosed is the Department's Final Order concerning the above-referenced complaint of employment discrimination.

The Final Order includes a statement explaining the complainant's right of appeal and right to file a civil action.

The transmittal to the complainant and, if applicable, the complainant's representative, includes EEOC Form 573 (MSPB Form 185, if the subject complaint is a "mixed case") for use should the complainant wish to appeal the enclosed Final Order.

If the complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORMDI field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

Maxanne R Witkin 130554
Digitally signed by Maxanne R Witkin 130554
Date: 2021.03.04 09:49:35 -05'00'

Maxanne R. Witkin
Director

Enclosures